**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                             **Case No. 07-CR-301**

**ELADIO CRUZ**
        **Defendant.**

---

### SENTENCING MEMORANDUM

Defendant Eladio Cruz pleaded guilty to conspiring to distribute five kilograms or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. The parties agreed to a base offense level of 34, U.S.S.G. § 2D1.1(c)(3), with a 2 level reduction under the safety valve provision, § 2D1.1(b)(11), and a 3 level reduction for acceptance of responsibility, § 3E1.1, for a final offense level of 29. Coupled with his criminal history category of I, the guidelines recommended 87-108 months in prison.

Defendant requested a sentence of 36-48 months based primarily on his efforts to cooperate with the government. The government agreed that I could consider cooperation in imposing sentence but questioned the nature and extent of defendant's efforts. Upon consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a), including cooperation, I imposed a sentence of 60 months. The reasons follow.

### I. SENTENCING FACTORS

Under § 3553(a), the sentencing court must consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2). Although the guidelines serve as the starting point and initial benchmark in making this determination, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an independent determination of what sentence is sufficient but not greater than necessary, taking into account the advisory guideline range, the relevant § 3553(a) factors, and any non-frivolous arguments presented by the parties in support of a particular sentence. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

## II.  DISCUSSION

**A.    The Offense**

Agents arrested a man named Robert Davis after he sold cocaine to a confidential informant in March 2007.  Davis agreed to cooperate, identifying defendant as his source.  Davis indicated that defendant began supplying him with cocaine in January 2005, originally in 2 to 9 ounce amounts, but by March 2006 and through November 2006 increasing to about ½ kg every week.  In November 2006, defendant began fronting Davis 1 to 2 kg each week.  On March 27, 2007, defendant sold 6 ounces of cocaine to an undercover agent.  Agents searched defendant's house later that day and recovered another 9 ounces, as well as $15,000 in drug proceeds.

Defendant admitted in his plea agreement that he started selling marijuana and cocaine as far back as 2003, and that officers had seized 163 pounds of marijuana from his residence in April 2003.  The parties agreed to a total drug weight of 15 to 50 kg of cocaine.

**B.    The Defendant**

Defendant was twenty-seven years old, with a record limited to a drunk driving conviction from 2000.  He was unmarried and had no children.  He dropped out of school and compiled a very limited employment record – with no verifiable work for the past seven years – and admitted being supported by girlfriends and family.  He reported no substance abuse issues, and it appeared that he got involved in this conduct for the money.

There were positive aspects to defendant's character: he earned his HSED in October 2007 and volunteered at the Latino Community Center in the year prior to his sentencing, speaking to young people about the consequences of negative choices.  He performed a total

3

of about 450 hours of community service at the Center. I also received letters from two of his siblings, who stated that he was a positive influence with their children.

**C.     Guidelines and Purposes of Sentencing**

The guidelines called for a term of 87-108 months, and I agreed that a substantial prison sentence was necessary to satisfy the purposes of sentencing in this case. Defendant distributed a substantial amount of cocaine over a two-year period, with additional marijuana dealing extending back to 2003. Thus, a significant sentence was required to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Defendant had never been to prison before, and I generally believe that a lesser term may suffice to deter one not previously subjected to lengthy incarceration. See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005). However, defendant had been involved in a drug bust back in April 2003 and that experience did not set him straight. Further, although his criminal record was minimal, the instant offense lasted for several years and involved much cocaine. Therefore, I concluded that a significant prison term was also needed to provide deterrence and protection of the public. See 18 U.S.C. § 3553(a)(2)(B) & (C). Several of the positive and/or mitigating aspects of the case – defendant's limited record, the lack of aggravation of the crime by violence or weapon possession – were accounted for by the safety valve reduction.

I did provide some additional consideration to account for the positives in the letters and in defendant's community service, and to acknowledge that this would be his first period of confinement. I also considered defendant's efforts to cooperate.[1] The government indicated

---

[1]This is a valid sentencing consideration under § 3553(a), even in the absence of a U.S.S.G. § 5K1.1 motion from the government. See, e.g., United States v. Zolp, 479 F.3d 715,

4

that defendant decided to assist immediately upon being approached by law enforcement. However, rather than providing information on his cocaine supplier or on other large-scale dealers (the government's real interest), he instead identified several lower level participants in drug activity. Specifically, he identified a house allegedly involved in heroin trafficking. Officers conducted a knock and talk, pursuant to which they discovered a quantity of marijuana. The two occupants of the house were prosecuted in state court and convicted of possession.[2] They, in turn, cooperated against their marijuana source, who was also prosecuted in state court and sentenced to 2 ½ years in prison. Defendant identified another residence allegedly used for drug-related activity, and officers conducted a traffic stop of someone leaving the house, leading to the recovery of 21 grams of cocaine and a 3 ½ year sentence for the driver for possession with intent to deliver.

I agreed with defendant that these efforts warranted some consideration.[3] He did provide assistance that proved useful in prosecuting others, and his information appeared to be relatively reliable. However, given the level of his involvement in cocaine trafficking, I expressed some doubt that this efforts had been complete. I also rejected defendant's argument that his cooperation warranted a reduction to 36-48 months. Under all of the circumstances, I found a sentence of 60 months sufficient but not greater than necessary. This sentence adequately accounted for defendant's cooperation and other positive personal

---

721-22 (9th Cir. 2007); United States v. Severino, 454 F.3d 206, 211 (3d Cir. 2006); United States v. Fernandez, 443 F.3d 19, 33 (2d Cir.), cert. denied, 127 S. Ct. 192 (2006); United States v. Roque, 536 F. Supp. 2d 987, 990 (E.D. Wis. 2008).

[2]These individuals indicated that the heroin had been stolen from the house before agents arrived.

[3]They also exceeded what was necessary to obtain the safety valve discount.

5

qualities, while still providing a sufficient measure of punishment and deterrence. The sentence varied from the guidelines by only about 3 levels and was supported by the facts discussed herein, so it created no unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 60 months. Upon release, I ordered him to serve three years of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6

Case 2:07-cr-00301-LA   Filed 09/30/08   Page 6 of 6   Document 11